IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **NEW BRAUNFELS UTILITIES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 5:24-CV-01312** |
| **v.** | § | |
| | § | |
| **TRC COMPANIES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL

Defendant, TRC Companies, Inc. ("TRC"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## I.   BACKGROUND

1.   On October 15, 2024, Plaintiff New Braunfels Utilities ("Plaintiff") filed this action in the 433rd Judicial District Court of Comal County, Texas, bearing Cause No. C2024-1799D (the "State Court Action"), against TRC Companies, Inc. ("TRC"). Plaintiff's Original Petition (the "Complaint") is the live pleading in this case. Plaintiff has timely demanded a jury. (A copy of the Complaint is attached in accordance with 28 U.S.C. § 1446(a) as Exhibit A-2).

2.   TRC was served on October 21, 2024. Therefore, this notice of removal is timely filed by TRC, it being filed no more than thirty days after service of TRC, in accordance with 28 U.S.C. §§ 1441 and 1446.

## II.   BASIS FOR REMOVAL: DIVERSITY JURISDICTION

3.   Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and TRC, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

1

**A.      There is complete diversity between Plaintiff and Defendant.**

4.      Plaintiff's State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5.      Plaintiff New Braunfels Utilities is a public utility entity in Comal County, Texas, and therefore, is a citizen of Texas for purposes of diversity jurisdiction.

6.      TRC is a foreign corporation engaged in the business of engineering and consulting in the State of Texas and is incorporated and has its principal place of business in New Jersey. Therefore, TRC is a citizen of New Jersey for purposes of diversity jurisdiction.

7.      Thus, there is complete diversity of citizenship between Plaintiff and TRC.

**B.      The amount in controversy exceeds $75,000.**

8.      The amount in controversy exceeds $75,000.  To determine the amount in controversy, the Court should "first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount."[1]  "If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."[2]

9.      In this case, on the face of the Complaint, Plaintiff states it is "seeks monetary relief of greater than $1 million."[3]  Plaintiff's pleading does not further clarify the amount of damages Plaintiff seeks to recover.  As such, the only way to ascertain Plaintiff's damages is to look towards the categories of damages Plaintiff seeks in its Complaint, which establish by a preponderance of the evidence that the amount in controversy requirement is met in this case.[4]

---

[1] *Espinoza v. Allstate Texas Lloyd's*, 222 F. Supp. 3d 529, 533 (W.D. Tex. 2016) (citing *Greenberg*, 134 F.3d at 1253 (footnotes omitted); *Garcia v. Koch Oil Co. of Tex*., 351 F.3d 636, 638–39 (5th Cir. 2003) (holding that the defendant may prove claims by demonstrating that the claims are likely above $75,000 or by setting forth facts in controversy that support a finding of the requisite amount)).

[2] *Id.*

[3] *See* Exhibit A-2.

[4] *See List v. PlazAmericas Mall Texas, LLC*, No. CV H-18-4810, 2019 WL 480130, at *1 (S.D. Tex. Feb. 7, 2019) ("[T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *De Aguilar v. Boeing Co*., 47 F.3d

4888-2715-3652v2
1285251-000093 11/14/2024

10.    Thus, as set forth above, Plaintiff's categories of damages that Plaintiff is seeking based on the face of its Complaint establish that Plaintiff is seeking damages in excess of $75,000, excluding interest and costs.  Therefore, the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)–(B) is satisfied.

### III.    VENUE

11.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Judicial District Courts of Comal County, Texas, the forum in which the removed action was pending.

### IV.    ADDITIONAL REQUIREMENTS

12.    TRC has provided notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record and has also provided notice to the 433rd Judicial District Court of Comal County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the State Court Action.

13.    Copies of pleadings, process, orders, and other filings in the State Court Action are attached to this notice as **Exhibit A** as required by 28 U.S.C. § 1446(a).[5]

14.    Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A:** | Index of all documents that clearly identifies each document and indicates the date the document was filed in state court; |
| **Exhibit A-1:** | Case information including docket summary; |
| **Exhibit A-2-A-3:** | All documents filed in the State Court Action; |

---

1404, 1412 (5th Cir. 1995). If the defendant does so, remand is proper "only if the plaintiff has shown it is legally certain that [her] recovery will not exceed the amount stated in the state complaint." *Id.* This is "not a burden-shifting exercise," and a plaintiff must make all information known in her state-court petition. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009)).

[5] *See* Exhibit A:  Index of All Documents Filed in State Court Action.

**Exhibit B:**                    Listing of all Parties and Counsel of Record; and

WHEREFORE, Defendant TRC Companies, Inc. hereby removes this matter to the United States District Court for the Western District of Texas, Del Rio Division for further proceedings and disposition.

Respectfully submitted,

**BAKER DONELSON**
**A Professional Corporation**

By:  ___*/s/ Bradley E. Chambers*___
      **Bradley E. Chambers**
      Texas Bar No. 24001860
      bchambers@bakerdonelson.com
      **Emma L. Short**
      Texas Bar No. 24101001
      eshort@bakerdonelson.com
      1301 McKinney Street, Suite 3700
      Houston, Texas 77010
      713.650.9700 - Telephone
      713.650.9701 – Facsimile

      **ATTORNEYS FOR DEFENDANT**
      **TRC COMPANIES, INC.**

4888-2715-3652v2
1285251-000093 11/14/2024

## CERTIFICATE AND NOTICE OF FILING

I certify that on November 14, 2024, the Notice of Removal was sent to the 433rd Judicial District Court of Comal County, Texas and that written notice of filing of the Notice of Removal was served via electronic service upon the attorney of record for Plaintiff.

*/s/ Bradley E. Chambers*
Bradley E. Chambers

4888-2715-3652v2
1285251-000093 11/14/2024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2024, a true and correct copy of the foregoing was served on the following counsel via e-service pursuant to the Federal Rules of Civil Procedure:

Erik G. Moskowitz
Sarah E. Scott
The Chapman Firm PLLC
3410 Far West Blvd., Suite 210
Austin, Texas 78731
erik@chapmanfirmtx.com
sarah@chapmanfirmtx.com
Via CMRRR No. 7022 3330 0000 7770 4689
And First Class Mail

*/s/ Bradley E. Chambers*
Bradley E. Chambers

4888-2715-3652v2
1285251-000093 11/14/2024